**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| ELRINE THIBODEAUX<br>*Plaintiff*<br>VERSUS<br>STATE FARM FIRE AND CASUALTY COMPANY,<br>*Defendant.* | CIVIL ACTION NO. 2:22-cv-06252<br><br>JUDGE JAMES D. CAIN, JR.<br><br>MAGISTRATE JUDGE THOMAS LEBLANC |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL DEFENDANT-INSURER TO RESPOND TO**
**PLAINTIFF'S REQUESTS FOR PRODUCTION FOR RESERVE AMOUNTS**

Plaintiff, 87-year old Elrine Thibodeaux, respectfully moves for an order compelling the Defendant-Insurer, State Farm, To Respond To Plaintiff's Requests For Production For Reserve Amounts pursuant to Fed. R. Civ. P. 37. The Plaintiff is legally entitled to the loss reserve information/documentation in this matter. The trial of this case is scheduled to begin on August 5, 2024.

**RELEVANT FACTS**

87-year-old Elrine Thibodeaux, who is a widow, resides in her home at 2720 Guy Street, Lake Charles, LA 70615 which was insured by Defendant-Insurer State Farm. Mrs. Thibodeaux's son, Stephen, lives with her and takes care of her. Hurricane Laura devastated the Lake Charles area on August 27, 2020, including Ms. Thibodeaux's home. On October 1, 2020, State Farm's adjuster completed the initial inspection of their Insured's hurricane damage, which constitutes satisfactory proof of loss under Louisiana law.

Mrs. Thibodeaux hired Cowboy Construction to repair her home. The total

amount of the repair invoices from Cowboy Construction for her home were $167,250.65, including the emergency repairs to preserve the property from further damage. The total amount of the repair invoices from Cowboy Construction for the other structures were $24,349.01, including the emergency repairs including tarping the roof in the amount of $1,000.00.

During the interior repairs of her home, the 87-year-old insured was forced to live in the Super 8. Her son, Stephen, who in addition to being her care-giver, works at the casino.  Stephen used his life savings to rent two rooms at the Super 8 for five months totaling $37,069.73 out of pocket. The Defendant-Insurer only made one timely payment in the amount of $8,960.25 under all of the coverages under the policy - - within thirty (30) days of receiving satisfactory proof of loss. State Farm has paid nothing more toward the claim.

Since the amount tendered by Defendant-Insurer was insufficient to pay for the roof, the 87-year-old Mrs. Thibodeaux is now receiving letters from a law firm seeking to collect the amounts owed to the roofing company.

On November 23, 2023, Plaintiff propounded written Interrogatories and Request for Production of Documents upon Defendant.  Seventy-Two days later, (72 days) on January 29, 2024, the Plaintiff received the Defendant's responses to written discovery.  In response to Request for Production of Documents on behalf of your client, State Farm Fire and Casualty Insurance Company as follows:

> **REQUEST FOR PRODUCTION NO. 8:**
> Produce all documents regarding any reserves established for the Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
State Farm objects to this request on the grounds that the requested documentation is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. Plaintiff has advanced no reason why such information would be discoverable in this case.

Plaintiff scheduled a Rule 37 Conference to be held on Wednesday, January 31, 2024, at 2:00 p.m. to meet and confer concerning this deficiency.[1] After a telephone conference on that day, the counsel for the Plaintiff confirmed the conversation with the following email:[2]

> Thank you for taking the time to speak with me for our Rule 37 Conference. The Plaintiff in this matter has agreed to give the Defendant-Insurer, Until the close of business on Thursday, February 8, 2024, to provide the reserve information as requested in the discovery propounded or file objections to the requests for that information. Should my understanding of the details of our conference as recited herein be inconsistent with reality, please advise me immediately.

Counsel for the Defendant, State Farm, immediately retorted:[3]

> I advised that I would do my best to have a response within one week, and should that change, you will be notified.

Although Defense counsel gave their word that they would provide the reserve information within one week - - one hundred twelve days later (112 days) Plaintiff has not received the essential reserve information.

The trial of this case is scheduled to begin on August 5, 2024. The Court's deadline for filing motions to compel is July 8, 2024, but there is no deadline for discovery. Thus, timely receipt of Defendant's reserve information is imperative to

---

[1] Exhibit A.

[2] Exhibit B.

[3] Exhibit B.

Plaintiff's preparation for the upcoming trial.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.4 A party must respond or object to written discovery requests within 30 days after service of the discovery.5 However, "[i]f a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37."6

Rule 37(a) governs motions to compel discovery responses and provides, as applies here, that a party may move to compel a discovery response if the opposing party fails to answer an interrogatory submitted under Rule 33 or fails to produce a document requested under Rule 34.7 Trial courts are afforded substantial discretion in determining whether to grant or deny a motion to compel discovery.8 "If the motion is granted or if the requested

---

4 *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991); Fed.R.Civ.P. 26(b)(1).

5 *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3).

6 *Johnson v. E. Baton Rouge Sch. Sys.*, 2018 WL 505086, at *3(M.D. La. Jan. 19, 2018).

7 *See Dwight & Gary LLC v. Bankers Ins. Co.,* 2021 WL 6973865 (W.D. La. Nov. 23, 2021); Fed. R. Civ. P. 37(a)(3)(iii)–(iv).

8 *Valley Reg'l Med. Ctr. v. Wright*, No. 02–40144, 61 Fed.Appx. 121, at *2 (5th Cir. 2003) (per

discovery is only provided after the motion is filed, 'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'"9

On November 17, 2023, Elrine Thibodeaux propounded Interrogatories and Requests for Production of Documents to State Farm. Seventy-Two days later, (72 days) on January 29, 2024, the Plaintiff received the Defendant's responses to written discovery. In response to Request for Production of Documents on behalf of Defendant, State Farm Fire and Casualty Insurance Company as follows:

> **REQUEST FOR PRODUCTION NO. 8:**
> Produce all documents regarding any reserves established for the Claim.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
> State Farm objects to this request on the grounds that the requested documentation is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. Plaintiff has advanced no reason why such information would be discoverable in this case.

The Plaintiff is entitled to the loss reserve information/documentation in this matter. Specifically Judge Cain has ruled previously on this issue:

> Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

---

curiam)

9 *Dwight & Gary LLC*, 2021 WL 6973865, at *2 (quoting Fed. R. Civ. P. 37(a)(5)(A)).

> This Court has previously ruled that loss reserve information and/or documentation may be relevant to a Plaintiff's bad faith claim. *Langley v. Allied Trust Ins. Co.*, 2022 WL 2818966 at *2 (W.D. La. July 19, 2022) (Cain, J.). See also *Hunter v. GEICO Gen. Ins. Co.*, 2018 WL 4352823, at *16-17 (E.D. La. Sept. 12, 2018) *eQHealth AdviseWell, Inc. v. Homeland Ins. Co. of New York*, 2022 WL 16827610 at *2 (W.D. La. Oct. 18, 2022) (reserve information is relevant to an insured's bad faith claim)

*Charles Town Properties of Louisiana LLC v. Certain Underwriters at Lloyds London*, No. 2:22-CV-00148, 2023 WL 5669118, at *1 (W.D. La. July 26, 2023). To that end, Plaintiff scheduled a Rule 37 Conference to be held on Wednesday, January 31, 2024, at 2:00 p.m. to meet and confer concerning this deficiency. After a telephone conference on that day, the counsel for the Plaintiff confirmed the conversation with the following email:

> Thank you for taking the time to speak with me for our Rule 37 Conference. The Plaintiff in this matter has agreed to give the Defendant-Insurer, Until the close of business on Thursday, February 8, 2024, to provide the reserve information as requested in the discovery propounded or file objections to the requests for that information. Should my understanding of the details of our conference as recited herein be inconsistent with reality, please advise me immediately.

Counsel for the Defendant, State Farm, immediately retorted:

> I advised that I would do my best to have a response within one week, and should that change, you will be notified.

Although Defense counsel gave their word that they would provide the reserve information within one week - - one hundred twelve days later (112 days) Plaintiff can only deduce that the Defense counsel's bond and promise to produce this information will not be honored and Plaintiff is left with no option other than to file this motion to compel to get the reserve information.

Given Defendant-Insurer's failure to respond to Plaintiff's discovery

request, Plaintiff respectfully requests this Court to compel Defendant-Insurer to respond provide the Reserve Information immediately so that the Plaintiff can prepare for trial.10 Moreover, Defendant respectfully requests it be awarded reasonable attorney's fees and costs incurred in drafting and filing this Motion.

**WHEREFORE**, Defendant respectfully requests that its Motion to Compel be granted and that Defendant-Insurer be compelled to respond to Plaintiff's written discovery and provide the Reserve Information in a timely manner and to provide sufficient timing to conduct remaining discovery under the current deadlines.

**Respectfully Submitted:**

**ROBICHAUX, MIZE, WADSACK, RICHARDSON & WATSON, LLC**

_____
**MATTHEW M. MIZE, Bar No. 33993**
**LANTZ SAVAGE, Bar No. 28418**
1777 Ryan Street (70601)
Post Office Box 2065
Lake Charles, Louisiana 70602
Telephone: (337) 433-0234
Facsimile: (337) 433-8595
Email:      MMM@RMWLEGAL.COM
            LAS@RMWLEGAL.COM
**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and/or via electronic mail this 22nd day of MAY, 2024.

_____
**LANTZ SAVAGE**

---

10 *Hill v. Auto-Owners Ins. Co.*, 2020 WL 8869825, at *2 (M.D. La. Nov. 16, 2020)