UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ELRINE THIBODEAUX** | **CASE NO.  2:22-CV-06252** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiff's Coverage B Claim" (Doc. 31) filed by Defendant State Farm Fire and Casualty Company ("State Farm"). As of this date, Plaintiff has not filed any opposition to this Motion.

## FACTUAL STATEMENT

In her Complaint, Plaintiff, Elrine Thibodeaux, alleges that her home, insured by State Farm during the relevant time period, was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively.[1] Plaintiff also alleges that State Farm failed to timely and properly adjust her insurance claim for damage caused by the Hurricanes.[2]

Among her various claims, was a claim for damage to contents/personal property (Coverage B). State Farm has paid Plaintiff, $2,117.35.  Plaintiff has not submitted any documentation to show that she has additional personal property damages, however, she indicates in her discovery responses that she is still owed $6,000 in contents.[3]

---

[1] Doc. 1-1.
[2] *Id.*
[3] Defendant's exhibit A, Interrogatory No. 7 response.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Plaintiff alleges in her Complaint that she is entitled to an additional $6,000 for her contents' claim. State Farm moves to dismiss Plaintiff's contents' claim. State Farm argues that Plaintiff has failed to submit any documentation to support this claim. As noted above, Plaintiffs has not opposed this Motion. As such, there is no genuine issue of fact for trial.

## CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment on Plaintiff's Coverage B Claim (Doc. 31) will be granted dismissing Plaintiff's contents/personal property (Coverage B ) with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 10th day of July, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**