UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ELRINE THIBODEAUX** | : | **CASE NO. 2:22-CV-06252** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is plaintiff Elrine Thibodeaux's Motion to Compel, which asks the court to compel defendant State Farm Fire & Casualty Company to provide reserve information, as requested in plaintiff's request for production no. 8 [doc. 21, att. 1, p. 2]. Doc. 21. State Farm opposes the motion. Doc. 30. Specifically, State Farm asserts it changed the reserve information in May 2024, nearly a year and a half after this case's filing, to reflect litigation strategy. *Id.* at pp. 2 & 6. Accordingly, State Farm argues the new reserve information is protected by the attorney-client privilege and/or the work product doctrine. *Id.* at p. 6. The court therefore ordered State Farm to produce for *in camera* inspection "the reserve information it claims to be privileged/protected." Doc. 40. In response to that order, State Farm produced to the court a cover letter and documents Bates labeled E. THIBODEAUX SF - 000917, 000918, and 001004.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The discovery rules are accorded a broad and liberal treatment. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649 (1979). This court has previously ruled "loss reserve information and/or documentation may be relevant to a plaintiff's bad faith claim," such as the one raised in this case. *Charles Town Props. of La. LLC v. Certain Underwriters at Lloyds London*, No. 2:22-CV-00148,

2023 WL 5669118, at *1 (W.D. La. July 26, 2023) (citing *Langley v. Allied Trust Ins. Co.*, No. 2:21-CV-03621, 2022 WL 2818966, at *2 (W.D. La. July 19, 2022)).  Thus, the reserve information plaintiff seeks is discoverable unless it is privileged or protected.

The attorney-client privilege protects confidential communications "made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication." La. Code Evid. art. 506(B).  The information produced for *in camera* inspection is financial information from a claim file, not a communication.  Therefore, the attorney-client privilege does not apply.

The work product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400, 101 S. Ct. 677, 688 (1981)).  The doctrine focuses solely on materials assembled and brought into being in anticipation of litigation. *Hercules Liftboat Co., L.L.C. v. Rice*, No. 6:11-cv-02111, 2012 WL 4483557, at *2 (W.D. La. Sept. 26, 2012).  State Farm claims the new reserve information reflects litigation strategy in anticipation of trial in this matter. Doc. 30, p. 6.  After reviewing the reserve information and the cover letter, the court disagrees.  Based on State Farm's representations, the digits that appear as a new "reserve amount" on the documents in question actually are only an internal numeric code that merely reflects the status of the claim, including that litigation is pending on the claim.  This new "reserve amount," or coding, cannot fairly be said to reflect litigation strategy or an attorney's mental impression of the case.  After looking over the documents produced for *in camera* inspection, it is clear to the court the new reserve information is not protected by the work product doctrine.

Because the reserve amount is not privileged or protected by the work product doctrine, unredacted versions of documents Bates labeled E. THIBODEAUX SF - 000917, 000918, and 001004 are discoverable and must be produced to plaintiff.

Accordingly,

**IT IS ORDERED** that the Motion to Compel [doc. 21] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that by July 19, 2024, State Farm Fire & Casualty Company **SHALL** produce to plaintiff unredacted versions of documents Bates labeled E. THIBODEAUX SF - 000917, 000918, and 001004.

Under Rule 37 of the Federal Rules of Civil Procedure, if the court grants a motion to compel, it must award the movant reasonable expenses, including attorney's fees, incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The payment of expenses must not be ordered if certain exceptions apply. *Id.* The court finds plaintiff made a good faith effort to obtain the information prior to filing the motion, State Farm's failure to provide this information was not substantially justified, and no other circumstances known to the court at this time make an award of expenses unjust. Therefore,

**IT IS FURTHER ORDERED** that by July 19, 2024, plaintiff **SHALL** submit an affidavit and any necessary documentation detailing what it claims to be owed in connection with filing the instant motion. State Farm may submit a response by July 26, 2024. State Farm's response may address whether any factor set forth in Rule 37(a)(5)(A)(i)–(iii) applies, such that an award of expenses would be unjust.

**THUS DONE AND SIGNED** in chambers this 11th day of July, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**