UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ELRINE THIBODEAUX** | **CASE NO. 2:22-CV-06252** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiff's Coverage C Claim" (Doc. 33) wherein Defendant, State Farm Fire & Casualty Company ("State Farm") moves to dismiss Plaintiff's ALE expense claim.

## FACTUAL STATEMENT

In her Complaint, Plaintiff, Elrine Thibodeaux, alleges that her home, insured by State Farm during the relevant time period, was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively.[1] Plaintiff also alleges that State Farm failed to timely and properly adjust her insurance claim for damage caused by the Hurricanes.[2]

In her Complaint, Plaintiff alleges that her damages include "additional living expenses" (referred to as "ALE").[3] In her response to State Farm's discovery, Plaintiff claims that she was forced to live in a Super 8 Motel while her home was being repaired and her son, Stephen Thibodeaux, used his life's savings of $35,151.53 to pay rent for

---

[1] Doc. 1-1.
[2] *Id.*
[3] *Id.*

Plaintiff's stay at the Motel.[4] Plaintiff also stated that her son also stayed at the Motel for eight (8) months following the Hurricane.[5]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

---

[4] Defendant's exhibit A, Interrogatory Nos. response 12,14.
[5] Defendant's exhibit B, Ellrine Thibodeaux depo. pp. 12.13.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In her Complaint, Plaintiff has asserted a claim for ALE, which she alleges was necessary when her home was being repaired due to damage from Hurricanes Laura and Delta. State Farm argues that because Stephen Thibodeaux is not a named insured on the subject policy, and because he paid for the Motel rental, Plaintiff, Elrine Thibodeaux, cannot recover damages and penalties for costs she did not incur.[6] State Farm relies on the following policy provision:

> 1. Additional Living Expense. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:
>   a. the time required to repair or replace the premises;
>   b. the time required for your household to settle elsewhere; or
>   c. 24 months.[7]

Plaintiff submits the remaining portion of the ALE provision, which defines "insured" as meaning "you" and "your relatives." Plaintiff explains that Stephen

---

[6] Defendant's Memorandum, p. 2, Doc. 33-2.
[7] Defendant's exhibit D, pp. 23-26.

Thibodeaux is a relative because he is her son and that her intent is to reimburse her son for the Super 8 Motel rental.[8] Plaintiff has submitted the Super 8 Motel invoices, and two Affidavits. In her Affidavit, Plaintiff attests that her son, Stephen Thibodeaux, lived with her in her home before, during and after Hurricane Ida.[9] Plaintiff also attests that her home was uninhabitable while being repaired and she was forced to seek alternative living arrangements while the repairs were ongoing. Also, she attests that she had no funds to pay for the alternative living arrangements.

Plaintiff also submits that Affidavit of her son, Stephen Thibodeaux, who attests that he is a resident of the home, which is the subject matter of this lawsuit, and he was forced to find alternative living arrangements for himself and his mother while the property was being repaired because it was uninhabitable.[10] Mr. Thibodeaux attests that he used is Discovery Card to pay for the room costs at the Super 8 Motel for a total of $35,677.34.[11] Mr. Thibodeaux agreed to pay the costs and that his mother (Plaintiff) was going to reimburse him after she receive payment from State Farm for ALE expenses.[12]

The Court finds that Plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial. Furthermore, the Court finds that State Farm's argument that because Plaintiff's son paid for the Super 8 Motel rental, Plaintiff is not entitled to ALE, is completely without merit.

---

[8] Plaintiff's exhibit A, ¶ 9.
[9] Plaintiff's exhibit A, ¶ 6. The Court assumes that Plaintiff must have meant Hurricane Laura, Hurricane Laura is the alleged cause of the damage to Plaintiff's home in this lawsuit.
[10] Plaintiff's exhibit B, ¶¶ 2-4.
[11] Id. ¶¶ 5-6.
[12] Id. ¶ 7.

## CONCLUSION

For the reasons explained herein, State Farm's Motion for Partial Summary Judgment on Plaintiff's Coverage C Claim" (Doc. 33) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 15th day of July, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE