UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ELRINE THIBODEAUX**                              **CASE NO.  2:22-CV-06252**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**                  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Mental Anguish Damages" (Doc. 35) filed by Defendant, State Farm Fire and Casualty Company ("State Farm") wherein State Farm moves to dismiss with prejudice Plaintiff, Elrine Thibodeaux's claim for mental anguish.

## FACTUAL STATEMENT

In her Complaint, Plaintiff, Elrine Thibodeaux, alleges that her home, insured by State Farm during the relevant time period, was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively.[1] Plaintiff also alleges that State Farm failed to timely and properly adjust her insurance claim for damage caused by the Hurricanes.[2]

In her Complaint, Plaintiff alleges she suffered mental anguish as a result of State Farm's actions.[3]

---

[1] Doc. 1-1.
[2] *Id.*
[3] *Id.*

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

State Farm moves to dismiss Plaintiffs' claims for mental anguish. State Farm relies on the deposition testimony of Plaintiff, wherein she testified when asked if she suffered any mental anguish as a result of State Farm's handling of her hurricane claim, that "No. . . . It's not that bad."[4] State Farm argues that there is a lack of evidence concerning Plaintiff's mental anguish claim.

Louisiana courts require that a plaintiff prove "serious emotional distress" to succeed on a claim of emotional or mental distress in the absence of physical injury. "Evidence of generalized fear or evidence of mere inconvenience is insufficient." *Spencer v. Valero Refining Meraux, LLC*, 356 So.3d 936, 950 (La. 1/27/23). "Genuine humiliation, anxiety, confusion, upset, worry and the like are typically insufficient." *Gressett v. Southwest Airlines Co.*, 216 F.Supp.3d 743, 749 (E.D. La. 10/20/16) (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

Plaintiff, through counsel, suggests that Plaintiff, did not understand the question asked of her concerning her mental anguish claim, but that when asked she (Plaintiff) thought she was asked regarding that moment. Counsel's statement, without any summary judgment evidence as to Plaintiff not understanding the question is not evidence this Court can consider.

---

[4] Defendant's exhibit A, Erline Thibodeaux's Deposition, p. 13.

Page **3** of **4**

Plaintiff submits the affidavit of Ms. Thibodeaux wherein she attests that she was "exhausted and worn down by the manner in which State Farm [] handled her claim."[5] Additionally, "[s]he had constant worry and consternation over State Farm's refusal to timely and fully pay her claim. Affiant states that she has suffered a great deal of mental anguish from the mishandling of her claim by State Farm."[6]

Plaintiff also submits the Affidavit of her son, Stephen Thibodeaux who attests that he was in close proximity with his mother on nearly a daily basis and that she became "very agitated and upset by the actions and inactions of State Farm in their handling of the loss and has caused his mother to undergo significant mental anguish from the way State Farm has handled his mother's claim."[7]

The Court finds that Plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to Plaintiff's claim for mental anguish.

## CONCLUSION

For the reasons explained herein, the Court will deny the Motion for Partial Summary Judgment on Mental Anguish Damages (Doc. 35) filed by Defendant, State Farm Fire and Casualty Company.

**THUS DONE AND SIGNED** in Chambers on this 15th day of July, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's exhibit A, ¶ 10.
[6] *Id.*
[7] Plaintiff's exhibit B, ¶ 8.