UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ELRINE THIBODEAUX** | **CASE NO. 2:22-CV-06252** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Hurricane Delta Claim" (Doc. 32) filed by Defendant, State Farm Fire & Casualty Company ("State Farm").

## FACTUAL STATEMENT

In her Complaint, Plaintiff, Elrine Thibodeaux, alleges that her home, insured by State Farm during the relevant time period, was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively.[1] Plaintiff also alleges that State Farm failed to timely and properly adjust her insurance claim for damage caused by the Hurricanes.[2]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[1] Doc. 1-1.
[2] *Id.*

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

State Farm moves to dismiss Plaintiff's claims for any damage that may have been caused by Hurricane Delta. State Farm relies on the deposition testimony of Plaintiff, Erline Thibodeaux, and her son, Stephen Thibodeaux. State Farm contends that neither

Plaintiff, nor her son could testify if Plaintiff's home sustained damage from Hurricane Delta.

Plaintiff, through counsel, submits that he has no issue with State Farm's position, but requests that State Farm should be precluded at trial from alleging that Plaintiff has failed to prove whether or not damage to the home was a result of Hurricane Laura and Delta, and dismiss the claim. In its Reply, State Farm contends that it is not agreeing to attribute all of Plaintiff's hurricane damage to Hurricane Laura. State Farm remarks that the purpose of its motion is to dismiss Plaintiff's claims for damage as a result of Hurricane Delta based on the absence of any evidence, considering that Plaintiff alleged in her Complaint that she was making a claim for damages from Hurricane Delta. Considering that Plaintiff not only agrees that her property was not damaged by Hurricane Delta, and she has not submitted any summary judgment evidence to support her Hurricane Delta claim, this claim will be dismissed.

## CONCLUSION

For the reasons explained herein, the Court will grant the Motion for Partial Summary Judgment on Hurricane Delta Claim (Doc. 32) filed by Defendant, State Farm Fire & Casualty Company and dismiss this claim with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of July, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE